Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | George M. Marovich | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 6624 | **DATE** | 11/20/2001 |
| **CASE TITLE** | Matthew Rosenberg vs. Nextel Communications, et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____ . Reply to answer brief due_____ .
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] ENTER MEMORANDUM OPINION AND ORDER. The Court grants Rosenberg's petition for remand. All other pending motions are declared moot.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | NOV 21 2001 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | 17 |
| ✓ | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| JD | courtroom deputy's initials | Date/time received in central Clerk's Office | date mailed notice | |
| | | | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION



NOV 21 2001

MATTHEW ROSENBERG,
individually and on behalf of
himself and all others
similarly situated,

    Plaintiff,

    v.

NEXTEL COMMUNICATIONS, INC and
MOTOROLA INC.,

    Defendant.

00 C 6624

Judge George M. Marovich

NOV 21 2001

## MEMORANDUM OPINION AND ORDER

Plaintiff Matthew Rosenberg ("Rosenberg") filed a complaint against Nextel Communications Inc. ("Nextel") and Motorola Inc. ("Motorola")(collectively "defendants") in the circuit court of Cook County, Illinois. In a three-count complaint, Rosenberg alleges that defendants violated the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 Ill. Comp. Stat. § 505/2 ("Count I"); committed breach of implied warranty of fitness for a particular purpose ("Count II"); and committed breach of an express warranty ("Count II").

Nextel subsequently filed a notice of removal with the United States District Court for the Northern District of Illinois alleging subject matter jurisdiction based on the claim that Count I, the fraud claim, was preempted by the Federal Communications Act, 47 U.S.C. § 332(c)(3)(A) ("FCA").[1]

---

[1] Motorola consented to this removal.

Rosenberg now moves to remand this case back to state court. For the reasons set forth below, we grant Rosenberg's petition.

BACKGROUND

In April of 1998, Rosenberg signed up to receive cellular service through the Nextel National Network ("Nextel network"). Rosenberg paid a flat rate for a certain number of minutes each month (at the time of the filing of the Complaint his rate was $69.95 per month for 400 minutes of service). Initially, Rosenberg used a Motorola i600 cellular phone manufactured for use with the Nextel network. In February 2000, Rosenberg switched to the Motorola i1000 plus cellular phone also manufactured for use with the Nextel network. Both phones contained a timer which tracks phone usage by: (1) timing a call beginning once the call is placed (even if the call does not connect); (2) rounding all calls to the minute (rather than by the second); and (3) timing incoming minutes. This method of timing was inconsistent with Nextel's billing practices which worked as follows: (1) calls were not billed until they were connected; (2) calls were timed by the second, not rounded to the next minute; and (3) users were not charged for incoming call minutes. Thus, the timer reflected a higher number of minutes used then Nextel actually billed. This caused Rosenberg, who was unaware of the discrepancies in the tracking methods, to refrain from using his phone to avoid exceeding his minutes limit before he was ever in any danger of actually doing so. In this way,

Nextel was able to increase the amount of unused minutes by Rosenberg. It was not until one month when the timer showed that Rosenberg had exceeded his minutes and his bill showed that he had not that Rosenberg became aware that the timer was inaccurate at tracking his minutes usage. Nextel's user's guide encouraged use of the timer and, in fact, the timer was the only method by which Rosenberg was able to track his usage.

## DISCUSSION

In order to determine if the motion to remand should be granted, the Court must first decide if removal was proper. Removal to federal court is proper if the federal court would have had jurisdiction over the originally filed case. 28 U.S.C. § 1441. Federal question jurisdiction exists over cases that "arise under the Constitution, laws or treaties of the United State." 28 U.S.C. § 1331. As a general matter, a court determines whether federal question jurisdiction exists by examining the face of plaintiff's "well-pleaded" complaint, "for 'it is a long-settled law that a cause of action arises under federal law only when the plaintiff's well-pleaded complaint raises issues of federal law.'" Rice v. Panchal, 65 F.3d 637, 639 (7th Cir. 1995)(citing Metropolitan Life Ins. CO. v. Taylor, 481 U.S. 58, 63 (1987)). However, there is a recognized exception to the well-pleaded complaint rule where Congress has completely preempted a field of law with a federal statute. When the

complete preemption exception applies, the plaintiff's claim is recharacterized as a federal claim and removal is proper. Id. at 66.

Whether this case was properly removed turns on whether Rosenberg's fraud claim is completely preempted by the FCA. The FCA provides:

> [N]o state or local government shall have any authority to regulate the entry of or the rates charged by any commercial mobile service or any private mobile service, except that this paragraph shall not prohibit a State from regulating other terms and conditions of commercial services.

47 U.S.C. § 332(c)(3)(A). The FCA also provides a savings clause which reads:

> Nothing in this chapter contained shall in any way abridge or alter the remedies now existing at common law or by statute, but the provisions of this chapter are in addition to such remedies.

47 U.S.C. § 414.

In Count I of his Complaint, Rosenberg alleges that the Defendants violated the Illinois Consumer Fraud and Deceptive Business Practices Act by "engag[ing] in deceptive acts or practices in the operation of its wireless network by providing customers faulty information regarding monthly phone usage."

4

(Compl. ¶ 13) Rosenberg argues that this claim does not deal with the entry of Nextel's wireless service to the market or the rates charged and that consequently his fraud claim is not preempted by the FCA. Thus, Rosenberg concludes, the federal court never had subject matter jurisdiction over this claim (nor over the other two state court claims included in the Complaint) and it should be remanded back to state court. However, the Defendants argue that Rosenberg's fraud claim is essentially a claim about rates and conditions of service and as such is completely preempted by the FCA.

The determinative issue is whether Rosenberg's fraud claim is properly characterized as a rate challenge. If it is, then it is a federal claim and this case was properly removed to this Court. Bastien v. AT&T Wireless Servs., Inc., 205 F.3d 983, 987 (7th Cir. 2000). Alternately, if this is a case of simple fraud which would not affect the federal regulation of wireless carriers, the FCA is not preemptive and no federal jurisdiction exists. In re Long Distance Telecommunications Litig., 831 F.2d 627, 633 (6th Cir. 1998); Bastien, 205 F.3d at 988-989 (distinguishing rate and market entry claims from the fraud claim in Long Distance); see also In re Wireless Consumers Alliance, Inc., 15 F.C.C.R. 17,021, ¶27(2000) (rejecting the notion "that non-disclosure and consumer fraud claims are in fact disguised attacks on the reasonableness of the rate charged for the

service"). To make this distinction, a court must decide "whether the amount charged being unreasonable, unjust, or otherwise inappropriate needs to be considered in order to resolve the claim." Gilmore v. Southwestern Bell Mobile Sys., 156 F. Supp. 2d 916, 923 (N.D. Ill. 2001).

Resolving Rosenberg's fraud claim would not require a court to determine whether the rate was unreasonabl, unjustly applied or inappropriate in any way. Rather, Rosenberg has raised a non-disclosure fraud claim which requires a showing that deceit or misrepresentation was employed and that the deceit or misrepresentation was material to Rosenberg's reliance on the timer to monitor his usage and ultimately to his decision to remain a Nextel customer. Thus, Rosenberg's Illinois Consumer Fraud Acts Claim is not preempted by the FCA and is outside this Court's limited jurisdiction. See Cahnmann v. Sprint Corp., 133 F.3d 484, 488 (7th Cir. 1998), Long Distance, 831 F.2d at 633-34; Gilmore, 156 F. Supp. 2d at 925; Sanderson, Thompson, Ratledge & Zimmy v. AWACS, Inc., 958 F. Supp. 947(D. Del. 1997); In re Comcast, 949 F. Supp. 1193, 1199-200; DeCastro v. AWACS, Inc., 935 F. Supp 541, 550 (D.N.J. 1996); Wireless Consumers, 15 F.C.C.R. at ¶27.

CONCLUSION

For the forgoing reasons, the Court grants Rosenberg's petition for remand.[2]

ENTER:

George M. Marovich
GEORGE M. MAROVICH
UNITED STATES DISTRICT JUDGE

DATED: 11/13/01

---

[2] Rosenberg's motion to remand also includes a prayer for fees and costs associated with the improper removal. Although awarding these fees and costs is in this Court's discretion, this Court finds that such an award is unwarranted. The question of FCA preemption raised by the facts of this case was significant enough to sustain the defendants attempt at removal.

7